JAMES HENRY MITCHELL V. STATE

No. 24635. February 22, 1950.

314

No attorney of record for appellant on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state

WOODLEY, Judge.

This is a companion case of that of Leonard Leroy Moore, No. 24,661, this day decided. (Page 307 of this volume.)

Upon a joint trial the same proceedings were had in the selection of the jury, the charge of the court and the verdict of the jury, and appellant also received a life sentence in the penitentiary.

Appellant likewise was charged by indictment in addition to the charge of theft of the Crowder automobile with having been previously convicted of two felonies less than capital, the convictions being properly charged to have been successive, that is, each succeeding offense having been committed after conviction of the preceding offense.

And, as in the case of Moore, the state proved in addition to the two previous convictions alleged, that appellant had been convicted of many other felonies including burglary, theft and robbery. Such convictions were not shown to be successive, and such testimony was not limited in the charge.

Appellant likewise had no attorney at the trial, and made no objections, reserved no exceptions, and filed no written motion for continuance. It appears that Leonard Leroy Moore was spokesman for appellant as well as for himself on the trial.

A motion for new trial and an amended motion for new trial were filed by the three defendants jointly tried, in person, but appellant was not joined in the amended motion filed in behalf of Leonard Leroy Moore by an attorney.

His motion for new trial was overruled on the same day that Moore's amended motion was acted upon, and appellant perfected his appeal, and has filed a statement of facts properly approved by the trial judge.

This was a joint trial. The procedure erroneous as to Moore was equally erroneous as to appellant.

Under the circumstances, we are unwilling to affirm the conviction of appellant because of the insufficiency of his motion for new trial or his failure to make proper objections and reserve proper exceptions, after reversing the conviction of another jointly tried. In justice, he is entitled to another trial, and a further opportunity to have counsel.

The judgement is therefore reversed and the cause remanded.

Opinion approved by the Court.